UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDOULAYE TRAORE,

                          Plaintiff,

            -against-

NEW YORK DEPARTMENT OF
CORRECTIONS; RIKERS ISLAND STAFF,

                          Defendants.

1:22-CV-1429 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

        Plaintiff Abdoulaye Traore, who appears *pro se*, brings this action for damages alleging

that the defendants violated his federal constitutional rights. Plaintiff sues the New York City

Department of Correction ("NYCDOC") and unidentified "Rikers Island Staff." The Court

construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and state law.

        By order dated February 25, 2022, the court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reason discussed below, the Court

dismisses Plaintiff's claims against the NYCDOC, and directs the Clerk of Court to add the City

of New York as a defendant. The Court requests that the City of New York waive service of

summons, and directs the City of New York to comply with Local Civil Rule 33.2. The Court

also directs the Corporation Counsel of the City of New York and the Attorney General of the

State of New York to inform Plaintiff and the Court of the identities of: (1) those members of the

NYCDOC personnel who were responsible for the Plaintiff's conditions of confinement, as to

the prevention of the spread of COVID-19, while Plaintiff was in NYCDOC custody, and (2) any

NYCDOC employee or New York State Court Officer who sprayed Plaintiff with mace.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

A.      **The NYCDOC**

The Court must dismiss Plaintiff's claims against the NYCDOC because an agency of the City of New York, such as the NYCDOC, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYCDOC with

the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      The City of New York**

The Court directs the Clerk of Court to electronically notify the NYCDOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**C.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. These discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, the City of New York must serve responses to these standard discovery requests. In its response, the City of New York must quote each request verbatim.[1]

**D.      Unidentified "Rikers Island Staff"**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYCDOC and the New York State Unified Court System to identify: (1) those members of the NYCDOC personnel who were responsible for the Plaintiff's conditions of confinement, as to the prevention of the spread of COVID-19, while Plaintiff was in NYCDOC custody on or about December 20, 2021, and; (2) any NYCDOC employee or New York State Court Officer who sprayed Plaintiff with mace on or about December 20, 2021. It is

---

[1] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYCDOC, and the Attorney General of the State of New York, who is the attorney for and agent of the New York State Unified Court System, to ascertain the identity, and if appropriate, shield number, of every individual NYCDOC employee or New York State Unified Court System employee whom Plaintiff seeks to sue here, and the address where each of those individuals may be served.[2] The Corporation Counsel and the Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming these newly identified individuals as defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order requesting that the newly identified defendants waive service of summons or directing service on the newly identified defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

---

[2] If any those individuals is a current or former NYCDOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYCDOC defendants, rather than by personal service at an NYCDOC facility. If any of these individuals is not a current or former NYCDOC employee or official, but otherwise works or worked at a NYCDOC facility, the Corporation Counsel must provide a residential address where that individual may be served.

The Court dismisses Plaintiff's claims against the "New York Department of Corrections" (the NYCDOC). The Court also directs the Clerk of Court to add the City of New York as a defendant. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to electronically notify the NYCDOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

The Court directs the City of New York to comply with Local Civil Rule 33.2 within 120 days of the date of this order.

The Court directs the Clerk of Court to mail a copy of this order and a copy of the complaint to: (1) the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007; and (2) the Attorney General of the State of New York, at 28 Liberty Street, 15th Floor, New York, New York 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 10, 2022
          New York, New York

_____
            J. PAUL OETKEN
          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-


_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                    Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____