UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ABDOULAYE TRAORE,
                          Plaintiff,

              -v-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, *et al.*,
                          Defendants.

22-CV-1429 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This action is dismissed without prejudice for failure to prosecute. On February 18, 2022, Plaintiff Abdoulaye Traore sued the New York City Department of Correction and unidentified "Rikers Island Staff," which the Court construed liberally as asserting claims under 42 U.S.C. § 1983 and state law against the City of New York and certain Rikers Island staff. The Court then issued an order to identify the specific staff pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). (*See* ECF No. 5, p. 4.) Pursuant to that order, the City of New York sent several requests for interrogatories to the Plaintiff, which he failed to answer despite multiple Court orders advising him that his failure to respond could result in dismissal for lack of prosecution. (*See* ECF Nos. 13, 15.) On September 27, 2022 Defendants moved to dismiss this case for lack of prosecution, noting that Plaintiff had failed to respond to any communications from Defendants since April 28, 2022. (*See* ECF Nos. 18, 19.) On February 2, 2023, this Court notified Plaintiff again that if he failed to respond to Defendants' motion to dismiss for lack of prosecution by March 3, 2023, it would be considered unopposed.[1] (*See* ECF No. 24.) To date, Plaintiff has not responded.

---

[1] The Court notes that one of this Court's orders, mailed to the *pro se* Plaintiff, was returned as undeliverable (the returned order was ECF No. 23, a motion to withdraw as attorney

1

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Dismissal without prejudice is appropriate here.  Plaintiff was "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210.  Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* at 209.

Accordingly, this action is dismissed without prejudice to refiling.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 26, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

filed by one of Defendants' counsel).  This does not mitigate Plaintiff's failure to respond, as Plaintiff was informed at the outset of this case that it was his responsibility to inform the Court if his contact information changed, and that failure to do so could result in dismissal.  (*See* ECF No. 6 at 2.)